No. 40503.—Protest 805230–G (B) of Julius Blum & Co., Inc. (New York).

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as "structural angles and channels." Duty was levied thereon at the rate of ⁹⁄₁₀ of 1 cent per pound under paragraph 304 of the Tariff Act of 1930 as steel not specially provided for valued above 2½ and not above 3½ cents per pound. It was claimed that such articles are properly dutiable at but ⅛ of 1 cent per pound under the provision in paragraph 312 of said act for—

Beams, girders, joists, angles, channels, car-truck channels, tees, columns and posts, or parts or sections of columns and posts, and deck and bulb beams, together with all other structural shapes of iron or steel, not assembled, manufactured, or advanced beyond hammering, rolling, or casting * * *.

On October 29, 1937, the above issue was decided by this court in favor of the plaintiff in *Julius Blum & Co., Inc.* v. *United States*, T. D. 49238, 72 Treas. Dec. 542. On October 31, 1938, the said decision was reversed and the case remanded by the United States Court of Customs and Patent .Appeals to this court in *United States* v. *Julius Blum & Co., Inc.*, C. A. D. 12, the mandate of the court reading in part as follows:

Said appeal having heretofore been brought on to be heard before the court and due consideration thereon having been had, it is:
ORDERED that the judgment of the United States Customs Court be, and the same is hereby, reversed, and said cause is remanded to said court for proceedings consistent with the views expressed in .the opinion of this court herein.

At the close of its decision in this case, the appellate court said:

In view of the fact that in the instant case the trial court erroneously applied the "doctrine of chief use," and failed to express its views as to the application of the evidence to the issues presented as herein defined, we find it necessary to reverse the judgment and remand the cause for further consideration.

As: stated in our original decision, the involved merchandise consisted of pieces of steel 18 to 20 feet in length and of substantial weight. Small sections of the four different shapes involved were admitted in evidence as Illustrative Exhibits A, B, C, and D, the last two being grooved or channeled.

The evidence was uncontradicted that all four of said exhibits were employed for structural purposes in the . construction· of buildings and bridges; and that they were not machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting.

The witnesses for the plaintiff testified·that the articles were employed to sustain relatively heavy loads and weights and to resist tension. On ·the other hand, four well-qualified witnesses for the Government testified that said steel shapes were used more for ornamental purposes than for sustaining great weights; and that in their opinion said shapes were not structural shapes since that term in the steel industry applied only to shapes which were designed to carry the greatest possible load with the minimum amount of material, which was not true of the shapes here imported.

In our previous decision, after reviewing numerous decisions of the appellate court, we respectfully stated in our opinion that we did not believe it could have been the intention of the appellate court to hold that, in construing the words "other structural shapes of iron or steel" in paragraph 312, the rule of "chief use" was wholly inapplicable, in view of the fact that said rule had been consistently applied by said court to analogous paragraphs in said act, such, for example, as that covering agricultural implements. We therefore applied the doctrine of chief use to the steel shapes in the instant importation and held that they were classifiable as structural shapes within the meaning of said paragraph 312.

Inasmuch, however, as the United States Court of Customs and Patent Appeals. in *United States* v. *Julius Blum & Co., Inc.*, *supra*, has held that the doctrine of "chief use" does not apply to said paragraph 312 for the reason that if it did apply at all it would be controlling and in the opinion of the court contrary to the intent. of Congress, and that this court was in error in applying such doctrine to the present merchandise, we are constrained to hold on the established facts that, since the steel shapes in question are not capable of sustaining the greatest possible weight with the least possible material, they are not structural shapes within the meaning of said paragraph 312. It therefore follows that all claims of the plaintiff must be and hereby are overruled and the decision of the collector in each instance is affirmed. Judgment will be rendered accordingly.

TILSON, Judge: I concur in the conclusion.